Wilburn E. Dial  
vs. } No. 90258.  
Universal Credit Company

April 26, 1933.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $50.20.

This is an action of assumpsit brought by the plaintiff to recover the sum of $49 upon defendant's alleged promise to pay the same.

In the early morning of August 21, 1932, the plaintiff, a resident of the town of Exeter, was requested to aid in subduing a fire which was burning in an automobile standing upon the highway a short distance away. The plaintiff did as requested and after the fire was extinguished the machine was brought to plaintiff's property, where it remained for some time. It developed that the operator of the automobile was in possession of the car through a conditional sale agreement and some time later on, in the fall, Universal Credit Company in the person of its representative, Raymond C. Fitzhenry, appeared, asserted ownership in the automobile and stated its intention to re-possess the car. Later a wrecking car came to plaintiff's place and the car was removed to Olneyville.

Plaintiff relies upon the promise to pay his bill for storage, &c., which he says was made by Fitzhenry. Defendant contends that the promise was never made and, if made, its representative was without authority to bind his principal for such an amount.

Under the decision of our Supreme Court in *Arnold* vs. *Chandler Motors of R. I., Inc.,* (1924) 45 R. I. 469, Universal Credit Company, the conditional sale vendor, had a right to the possession of the machine which was superior to any lien which Dial had because of its storage by him. It is reasonably clear, however, that Dial thought otherwise, a fact which it is necessary to have in mind in any consideration of the agreement alleged to have been entered into between Dial and Fitzhenry. Dial testified that before he would let the machine be taken away, Fitzhenry promised to pay his bill. Fitzhenry denied making such an agreement. It is argued that since he had a legal right to the machine, there was no necessity for such an agreement. To this it may be said that, since Dial believed he had a right to hold the car, a promise such as Fitzhenry is alleged to have made might have rendered it easier to obtain the car as it avoided the trouble and expense of legal taking of the car by force of law.

As to the question of authority, it appears in testimony that Fitzhenry could not expend more than five dollars without specific authority, which he did not have in this case. The Court thinks, however, that a field representative of a credit company, having the authority to repossess an automobile, might reasonably appear to a man in Dial's position to have sufficient authority to contract for the payment of a bill of $49 in the accomplishment of such repossession. Dial was not told the extent of Fitzhenry's authority to bind his principal.

The Court thinks that the question of the alleged promise to pay and also the question of Fitzhenry's apparent authority were questions of fact for the jury. It also thinks that the findings of the jury on these questions are not against the fair preponderance of the evidence.

The fairness of the amount of the bill was not questioned and therefore the verdict cannot be said to be excessive.

The verdict does substantial justice between the parties and defendant's motion is therefore denied.

For plaintiff: George Roche.

For defendant: Sisson & Fletcher.